UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT JAMES STEWART,

                    Plaintiff,

    vs.

UNITED STATE OF AMERICA,
GARY RIESEN, NANCY HARMAN,
PATRICK MCMAHON, CHELAN
COUNTY JAIL, COMMISSIONERS
HAWKINS, WALTER and GOEHNER,
WENATCHEE VALLEY MEDICAL
CENTER, MARK PATTERSON, and
DR. HUFFMAN ,

                    Defendants.

NO.  CV-08-67-RHW

ORDER DISMISSING COMPLAINT

**1915(g)**

    BEFORE THE COURT are Plaintiff's Amended Complaint (Ct. Rec. 20), as well as various "notices to the court" and memoranda of authorities and law (Ct. Recs. 17, 18, 19, and 21).  Mr. Stewart is currently incarcerated at the Chelan County Jail; Defendants have not been served.  Mr. Stewart is proceeding *pro se* and *in forma pauperis*.

    To the extent Mr. Stewart was making a request for an extension of time in his memorandum received May 6, 2008, such request was rendered moot by the filing of an amended complaint prior to the court's deadline of June 20, 2008.  After review of that Amended Complaint for legal sufficiency under 28 U.S.C. §§ 1915A(b)(1),(2) and

ORDER DISMISSING COMPLAINT -- 1

1915(e)(2), however, the court finds it fails to state a claim upon which relief may be granted.

## ADDITIONAL PLAINTIFFS

Plaintiff did not present his complaint on the form provided by the court as required by LR 10.1(I).  Furthermore, as a prisoner proceeding *pro se*, Mr. Stewart may not bring an action on behalf of others.  Although a nonattorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United* States, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, the court will not permit Mr. Stewart to bring an action on behalf of others.  The District Court Executive is directed to **TERMINATE** any other named Plaintiffs from this action.

## EXHAUSTION REQUIREMENT

Plaintiff has been advised that under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted" (42 U.S.C. § 1997e(a)).  The United States Supreme Court held in *Booth v. Churner*, 532 U.S. 731, 741 (2001), an inmate is required to exhaust administrative remedies regardless of what form of relief they are seeking in their complaint. *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002)("holding the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.")

Mr. Stewart's initial civil rights complaint was received on

ORDER DISMISSING COMPLAINT -- 2

February 11, 2008.  Consequently, any claim not exhausted prior to that date may not be pursued in this action.  Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *See Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) (indicating that *sua sponte* dismissal may be appropriate where the record is clear that prisoner conceded nonexhaustion).  The timing of the complaint, and the date of the incidents in the complaint make it impossible for Plaintiff to have fully exhausted his administrative remedies prior to filing this action.  Therefore, Plaintiff's claims regarding smoke in May 2008 are **DISMISSED without prejudice.**

Furthermore, Plaintiff's claims regarding the denial of medications by unspecified persons in February 2008 and between March and May 2008, could not have been completely exhausted prior to filing the initial complaint in February 2008.  Therefore, Plaintiff's medication claims are **DISMISSED without prejudice.**  To the extent Plaintiff may be asserting claims on behalf of someone else regarding a question posed in April 2008, he does not have authority to pursue claims for others.

Again, to the extent Mr. Stewart believes he is being falsely imprisoned, his sole federal remedy is a habeas corpus petition.  He must first exhaust available state court remedies.  *See Preiser v.*

ORDER DISMISSING COMPLAINT -- 3

*Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

### NAMED DEFENDANTS

The court had difficulty deciphering Plaintiff's intended Defendants.  A plaintiff should not use abbreviations when identifying Defendants.  He should write clearly and legibly, allowing sufficient space for each word.

In addition, Plaintiff used the abbreviation "et al." inappropriately.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  A plaintiff must name all defendants in his complaint (an amended complaint supersedes the initial complaint). *Id*.  Failing to name all defendants in his complaint denies the court jurisdiction over the unnamed defendants. Fed. R. Civ. P. 10(a), *accord United States of America v. Tucson Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir. 1990).

### SECTION 1983

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that "causes" the deprivation of which [the plaintiff complains]." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991)(brackets

ORDER DISMISSING COMPLAINT -- 4

in the original), *cert. denied*, 502 U.S. 1074 (1992); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id.* at 268. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must present a causal connection between named defendants and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992). Plaintiff alleged no facts against Defendants Gary Riesen, Nancy Harman, Patrick Mcmahon, Chelan County Jail, Commissioners Hawkins, Walter and Goehner, Wenatchee Valley Medical Center, Mark Patterson, and Dr. Huffman.

For the reasons set forth above and in the court's previous Order, **IT IS ORDERED** the First Amended Complaint (Ct. Rec. 20) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma*

ORDER DISMISSING COMPLAINT -- 5

*pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this 25th day of June 2008.


                    s/Robert H. Whaley
                    ROBERT H. WHALEY
          CHIEF UNITED STATES DISTRICT JUDGE


Q:\CIVIL\2008\Stewart\8cv67rhw-6-20-dis1915g.wpd

ORDER DISMISSING COMPLAINT -- 6